963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reginald Onqua SHABAZZ, Plaintiff-Appellant,
v.
John W. HAWLEY, Defendant-Appellee.
 No. 92-1016.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Reginald Onqua Shabazz, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive relief and costs, Shabazz sued the warden of Marquette Branch Prison for violating his Fourteenth Amendment right to due process. He alleged that Hawley enforced a memorandum issued by the director of the Michigan Department of Corrections (MDOC) which restricted all level V prisoners in several named Michigan prisons to noncontact visitation without prior notice and in violation of a state-created liberty interest in contact visits. The defendant submitted a motion to dismiss or, in the alternative, for summary judgment to which Shabazz responded.
 
 
 3
 A magistrate judge issued a report on September 20, 1991, in which he recommended granting the defendant's motion for summary judgment. He found that although MDOC's policy directive PD-BCF-63.02 created a constitutionally protected liberty interest in contact visitation, the director's memorandum of July 19, 1990 effectively extinguished that right. The district court adopted the magistrate judge's report and recommendation over Shabazz's objection in an order filed October 25, 1991.
 
 
 4
 On appeal, Shabazz continues to argue the merits of his claim. In addition, he raises an equal protection argument based upon the fact that only male prisoners were affected by the new policy. He requests the appointment of counsel in his brief.
 
 
 5
 Upon review, we affirm the district court's order because there is no genuine issue of material fact regarding Shabazz's due process claim and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Shabazz's equal protection claim was not presented to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243 (6th Cir.1991). No exceptional circumstances are present in this case.
 
 
 7
 Accordingly, we deny the request for the appointment of counsel. The district court's order, filed October 25, 1991, is affirmed for the reasons stated in the magistrate judge's report and recommendation as adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.